**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CALVIN DWIGHT WARE

        Petitioner,

v.                                               Case No. 06-CV-10553-DT

SHIRLEE A. HARRY,

        Respondent.
                                 /

**ORDER GRANTING PETITIONER'S "MOTION TO ALLOW FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION" AND OVERRULING PETITIONER'S OBJECTION**

Pending before the court is Petitioner Calvin Dwight Ware's "Motion to Allow Filing of Objections to Report and Recommendation," filed on July 11, 2008. Petitioner seeks leave to file a single objection (Pet.'s Mot. at 1), claiming he only received the magistrate judge's Report and Recommendation on July 4, 2008. Respondent filed a response, addressing both the merit of allowing the untimely filing of Petitioner's objection and the merit of the objection itself. For the reasons stated below, the court will grant Petitioner's motion but will overrule Petitioner's objection.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus on February 9, 2006. (Pet.'s Mot. at 1.) The court referred the matter to Magistrate Judge Paul J. Komives, who issued a Report and Recommendation ("R&R") on October 26, 2006. The magistrate judge's R&R recommended an evidentiary hearing to resolve Petitioner's claim of ineffective assistance of counsel, and recommended denying Petitioner's other claims. (*Id.*) Petitioner did not file any objections to the R&R within

the ten day filing period. (*Id.* at 2.) The court adopted the R&R in full, and referred the matter back to the magistrate judge to hold an evidentiary hearing. (*Id.*) To resolve Petitioner's remaining claim, and in anticipation of the hearing, the magistrate judge appointed counsel for Petitioner on May 29, 2008. (*Id.*) Petitioner now claims that he never received the R&R and thus did not have a chance to file any objections. (*Id.*) Petitioner disputes the magistrate judge's finding that the doctrine of forfeiture by wrongdoing applied to overcome his right to confront a witness during his trial. (*Id.*) At the court's request, Respondent filed a response, indicating that Respondent does not oppose Petitioner's motion to file a late objection but does oppose the actual merits of the objection.

## II. STANDARD

### A. Review of Reports and Recommendations

Objections to a magistrate judge's R&R are timely if Petitioner files the objections within ten days of service of a copy of the R&R. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). If objections are not filed within the ten day period, a party waives any further right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). The court, however, retains discretion to allow objections to be filed beyond the ten day period, if justice so requires. *See Austin v. Cuyler*, 499 F. Supp. 1116 (E.D. Penn. 1980) (Where petitioner claimed prison mail system resulted in his late receipt of a R&R, the court held "[b]ecause the delay may have been beyond petitioner's control, we will treat the objections as timely . . . ."); *Russell v. Caruso*, No. 07-CV-662, 2007 WL 3232126, *1 (W.D. Mich. Oct. 30, 2007) (finding, in Petitioner's favor, that R&R was not received until two weeks after mailing).

The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately. *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

## III. DISCUSSION

### A. Timeliness of Objection

As stated, the court has discretion to consider an objection filed beyond the typical ten day period. *Austin*, 499 F. Supp. at 1116. For the resolution of this matter solely, and in light of the facts that: (1) Petitioner avers he did not receive the R&R until July 4, 2008; (2) Petitioner filed his objection within ten days of that date, on July 11, 2008; and (3) Respondent does not oppose the late objection; the court will allow the objection and consider its merits.

### B. Merits of Objection

Petitioner's single objection argues that the magistrate judge incorrectly analyzed the forfeiture by wrongdoing doctrine by applying case law where the offending behavior was more serious than that of Petitioner. The forfeiture by wrongdoing doctrine, as codified by Federal Rule of Evidence 804(b)(6) and its identical Michigan law counterpart, Michigan Rule of Evidence 804(b)(6), allows testimony of an absent witness to be offered into evidence, despite its hearsay nature. The statement can be entered into evidence if it is "offered against a party that has engaged in or encouraged wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness." Mich. R. Evid. 804(b)(6). As the magistrate judge noted, (R&R at 12-13), the United States Supreme Court has recognized the continuing viability of the doctrine codified in the state and federal rules of evidence:

> [W]hen defendants seek to undermine the judicial process by procuring or coercing silence from witnesses and victims, the Sixth Amendment does not require courts to acquiesce. While defendants have no duty to assist the State in proving their guilt, they do have the duty to refrain from acting in ways that destroy the integrity of the criminal-trial system. . . . the rule of forfeiture by wrongdoing . . . extinguishes confrontation claims on essentially equitable

4

grounds. That is, one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation.

*Davis v. Washington*, 547 U.S. 813, 833 (2006) (internal quotations and citations omitted). The government used this doctrine to introduce out-of-court statements of a witness, who, due to fears of retribution, was unavailable to testify at trial. (R&R at 13.) The Michigan Court of Appeals, in considering the applicability of the doctrine, concluded that a threat Petitioner made at the time of his crime[1] sufficiently procured the absence of the witness and thus the statements became admissible under the doctrine. The magistrate judge agreed, and cited a litany of cases in support of the applicability of the forfeiture by wrongdoing doctrine. (R&R at 13-14.)

Petitioner agrees that the doctrine of forfeiture by wrongdoing allows a narrow exception to the hearsay statements of an unavailable witness to be offered into evidence. (Pet.'s Mot. at 3.) But Petitioner argues that the doctrine applies only where the defendant has taken "action, normally during or in direct anticipation of a judicial proceeding, which far exceeds the alleged threat here." (*Id.* at 4.) As support, Petitioner points to the cases cited by the magistrate judge as demonstrative of the "extreme action" necessary for the doctrine to apply and asserts, "[n]either the Report nor Respondent cite a case where a single threat has been held to forfeit a defendant's confrontation right." (*Id.* at 4, n.1.) Petitioner may be correct that many of the cases cited by the magistrate judge include behavior more egregious than verbally threatening a witness once, but Petitioner is mistaken that conduct falling short of "extreme action,"

---

[1] It is uncontested that Petitioner beat his victim to death with a table leg and then told all witnesses present, "if it gets out I know who to go to" and "I know everybody in this house right now . . . [i]f this shit go any further y'all next." (R&R at 13; Pet.'s Mot. at 4.)

5

such as a single threat, prevents the application of the forfeiture by wrongdoing doctrine.

With the introduction of Federal Rule of Evidence 804(b)(6) in 1997, the Advisory Committee noted that "[t]he wrongdoing [that invokes the rule] need not consist of a criminal act." Fed. R. Evid. 804 advisory committee's note (1997). Since that time, a variety of courts have found something much less than a defendant's "extreme action" can lead a witness to become unavailable at trial, and have applied the doctrine accordingly. *See United States v. Scott*, 284 F.3d 758, 763-64 (7th Cir. 2002) (holding that "applying pressure on a potential witness not to testify, including by threats of harm and suggestions of future retribution, is wrongdoing" and allows application of Rule 804(b)(6)); *United States v. Zlatogur*, 271 F.3d 1025, 1028 (11th Cir. 2001) (holding verbal threats sufficient to apply Rule 804(b)(6)); *see also United States v. Aguiar*, 975 F.2d 45, 47 (2d Cir. 1992) (Prior to 1997 amendment creating Rule 804(b)(6), but using similar reasoning, the court held that two threatening letters were sufficient to support a finding of witness intimidation). Further, Fed. R. Evid. 804(b)(6) applies in equal force to all parties, whether they be a criminal defendant or the prosecuting government. "[I]t seems unlikely that the rule was needed to curtail government murder of potential witnesses. Rather, it contemplates application against the use of coercion, undue influence, or pressure to silence testimony . . . ." *Scott*, 284 F.3d at 764. Thus, the court finds that the doctrine of forfeiture by wrongdoing, as codified in Federal Rule of Evidence 804(b)(6) and its identical Michigan law counterpart, Michigan Rule of Evidence 804(b)(6), covers a wide-range of coercive and threatening action used to

6

prevent witnesses' in-court testimony, and extends beyond the "extreme acts" Petitioner argues limit the doctrine's application.

The magistrate judge analyzed Petitioner's actions and its effect on an absent witness, and concluded the doctrine of forfeiture by wrongdoing was correctly applied. (R&R at 13-14). The court agrees. Evidence was presented that Petitioner made at least one threatening statement to witnesses immediately after killing a man. (*Id.* at 14.) A witness, when later questioned by police in connection with an investigation into the killing, was afraid to testify and visibly frightened. (*Id.*) Petitioner argues that his single threat, made months before the witness made her out-of-court statement to police, was not sufficient to invoke the forfeiture by wrongdoing doctrine. But the court of appeals and the magistrate judge found, and this court agrees, that Petitioner's threat, made after beating a man to death with a table leg, was coercive enough to "destroy the integrity of the criminal trial system" by preventing a witness from testifying at trial. *Davis*, 547 U.S. at 833. Petitioner's argument that his action was something less than "extreme" is unavailing, and the court finds the doctrine of forfeiture by wrongdoing was correctly applied at his trial.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner Calvin Dwight Ware's "Motion to Allow Filing of Objections to Report and Recommendation" [Dkt. # 29] is GRANTED.

IT IS FURTHER ORDERED that Petitioner's objection is OVERRULED.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: November 7, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 7, 2008, by electronic and/or ordinary mail.

                                                                   s/Lisa G. Wagner
                                                                    Case Manager and Deputy Clerk
                                                                    (313) 234-5522