**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CALVIN DWIGHT WARE

       Petitioner,

v.                                                 Case No. 06-CV-10553-DT

SHIRLEE A. HARRY,

       Respondent.
                             /

**OPINION AND ORDER (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Pending before the court is Petitioner Calvin Dwight Ware's petition for a writ of habeas corpus, filed on February 9, 2006. For the reasons stated below, the court will overrule Petitioner's objections, adopt Magistrate Judge Paul Komives's report and recommendation ("R&R"), deny Petitioner's petition for a writ of habeas corpus, and decline to issue a certificate of appealability.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus on February 9, 2006. (Pet.'s 7/11/08 Mot. at 1.) The court referred the matter to Magistrate Judge Komives, who issued a R&R on October 26, 2006. The magistrate judge's R&R recommended an evidentiary hearing to resolve Petitioner's claim of ineffective assistance of counsel, and recommended denying Petitioner's other claims. (*Id.*) Petitioner did not file any objections to the R&R within the ten day filing period. (*Id.* at 2.) The court adopted the R&R in full, and referred the matter back to the magistrate judge to hold an evidentiary hearing. (*Id.*) To resolve Petitioner's remaining claim, and

in anticipation of the hearing, the magistrate judge appointed counsel for Petitioner on May 29, 2008.  (*Id.*)  Subsequently, Petitioner claimed that he never received the R&R and thus did not have a chance to file any objections.  (*Id.*)  This court allowed Petitioner to file a single late objection and overruled the objection, leaving the previously adopted R&R unaltered.  (11/07/08 Order.)

The magistrate judge held an evidentiary hearing on November 12, 2008, at which time Petitioner testified and presented an additional witness.  (R&R at 3.)  After the hearing, the magistrate judge received supplemental briefs from both parties.  The magistrate judge then issued a R&R recommending that Petitioner's remaining ground for habeas relief – the ineffective assistance of counsel – be denied as Petitioner could not show either that his trial counsel was deficient or that he was prejudiced by any alleged deficiency.  (*Id.* at 6.)  Petitioner filed timely objections addressing each of the two issues.

## II.  STANDARD

### A.  Review of Reports and Recommendations

Objections to a magistrate judge's R&R are timely if Petitioner files the objections within ten days of service of a copy of the R&R.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  If objections are not filed within the ten day period, a party waives any further right to appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo*

review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately. *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

## III. DISCUSSION

Petitioner's remaining ground for habeas relief is based on the alleged ineffective assistance of his trial counsel who did not call a witness, Ezell Robinson, to testify at trial. (R&R at 2.) Petitioner argues that Robinson, if called to testify, would have appeared in court and "provide[d] favorable corroborative evidence as to the self-defense theory . . . and could seriously impeach the only prosecution witness . . . ."

3

(Pet. at 15.) Petitioner was convicted of first-degree murder and admits striking the victim, Leroy Rankins, with a table-leg, but argued at trial that Rankins brandished a knife, necessitating Petitioner's attack in self-defense. (R&R at 1-2.) The prosecution presented the testimony of Constance Harrell, who testified that both Petitioner and Robinson were present at the crime scene. Petitioner argues that Robinson would have testified that Harrell was not present, impeaching her credibility.[1]

The magistrate judge analyzed the facts under the correct legal standard, applied the strong presumption afforded trial counsel's decisions, and identified that it is Petitioner's burden to overcome this presumption by a preponderance of the evidence. (*Id.* at 4.) The magistrate judge then concluded that Petitioner could not satisfy either of the two-prongs required to demonstrate the ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## A. Proof of Deficient Performance

First the magistrate judge noted that Petitioner's witness, Greg Morris, only testified to a conversation he had with Robinson, in which Robinson stated he had never been contacted by Petitioner's trial counsel.[2] (R&R at 4.) Beyond that, the magistrate judge found "[t]he record does not establish whether counsel investigated

---

[1] In an about-face from his original petition, Petitioner now argues that Robinson would testify he was not present at the scene, which Petitioner contends still impeaches Harrell's testimony, who claims Robinson was in fact present. (Pet.'s Supp. Br. at 15.)

[2] Robinson's statements, as relayed through Morris's testimony, are hearsay – statements, not made by Robinson while testifying, that are offered into evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(b). Namely, this statement was offered to prove that Petitioner's trial counsel never contacted Robinson, as allegedly reported by Robinson. Despite the hearsay nature of the statement, and in accordance with the magistrate judge's analysis, (R&R at 4, n.2), the court will consider the statement to the extent Petitioner attempts to prove the ineffective assistance of counsel.

Robinson through other means." (*Id.*)  Petitioner objects to this conclusion, arguing that the magistrate judge's "speculation that trial counsel could have investigated [Robinson] by other means is cryptic and illogical."  (Pet.'s Objs. at 2.)  While it might be true that "[t]he only way to establish what [Robinson] would have said was to contact him," (*Id.*), there were many other routes that could have lead Petitioner's trial counsel to conclude Robinson would make a poor witness.³  As the magistrate judge makes clear, and Petitioner ignores, there are often other options – beyond simply speaking to a witness – to determine whether that witness would benefit a client's case.  In light of the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999) (*overruled on other grounds by Williams v. Taylor*, 529 U.S. 362 (2000)), the court agrees with the magistrate judge's recommendation that Petitioner fails to meet his burden in establishing deficient performance, the first component of an ineffective assistance of counsel claim.  *Strickland*, 466 U.S. at 692.

### B.  Proof of Actual Prejudice

Even if Petitioner was able to demonstrate his trial counsel's deficient performance, the magistrate judge also found that Robinson's alleged statements to Morris failed to establish the prejudice required for Petitioner to prove the ineffective assistance of counsel.  (R&R at 5-6.)  Specifically, the magistrate judge noted that "petitioner's argument that Robinson would have supported his defense is nothing more than speculation."  (*Id.* at 6.)  Robinson's hearsay statement – that he was not present

---

³ For example, Petitioner's trial counsel might have discovered criminal history reports, other witnesses, or even reputational evidence that could have cautioned against calling Robinson as a key witness.

5

at the crime scene – would have eviscerated Petitioner's original argument that Robinson could establish that a prosecution witness was not actually an eye-witness. (Pet. at 15.) But Petitioner has changed his theory to argue that because Robinson was allegedly not present, the prosecution witness's claims placing Robinson at the scene are impeached.[4] (Pet.'s Objs. at 2.) Petitioner builds on this theory to argue *if* Robinson had appeared at trial and *if* he had testified in Petitioner's favor, then Petitioner *might* have had an alternative defense, which *might* have been presented.[5] Such a chain of "pure speculation on whether the outcome of the trial . . . could have been any different," *Slaughter v. Parker*, 450 F.3d 224, 234 (6th Cir. 2006), is insufficient to establish the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### C. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521

---

[4] Though, as the magistrate judge raises, Robinson's claim of absence would also have served to impeach Petitioner's own theory of the case, which presented Robinson as an eye-witness to the victim's aggression and Petitioner's resultant "self-defense." (R&R at 5.)

[5] It bears repeat mention that all evidence presented at the evidentiary hearing, in this regard, was composed entirely of Robinson's hearsay statements. *Supra*, at n.2.

U.S. 320 (1997).  In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA.  *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, the court concludes that reasonable jurists would not debate that Petitioner does not present sufficient evidence to conclude his trial counsel's conduct so undermined the proper functioning of the adversarial process that his trial can not be relied on as having produced a just result.  *Strickland*, 466 U.S. at 686.  Thus, and because Petitioner has no other remaining grounds for habeas relief, the court will deny a certificate of appealability.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's objections [Dkt. # 43] are OVERRULED and the magistrate judge's December 11, 2008 report and recommendation [Dkt. # 42] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. #1] is DENIED.

Finally, IT IS ORDERED that the court DECLINES to issue Petitioner a certificate of appealability.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 15, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 15, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522